**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Glen Allen McCLUNG, Defendant–
Appellant.**

**No. 05–4906.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 25, 2006.

Decided April 25, 2007.

**ARGUED:** Jonathan David Byrne, Office of the Federal Public Defender, Charleston, West Virginia, for Appellant. Susan Marie Arnold, Assistant United States Attorney, Office of the United States Attorney, Charleston, West Virginia, for Appellee. **ON BRIEF:** Mary Lou Newberger, Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, Charleston, West Virginia, for Appellee.

Before WILKINS, Chief Judge, and NIEMEYER and MOTZ, Circuit Judges.

Affirmed by published opinion. Chief Judge WILKINS wrote the opinion, in which Judge NIEMEYER and Judge MOTZ joined.

## WILLIAMS E. WILKINS, Chief Judge.

Glen Allen McClung appeals the sentence imposed by the district court following his plea of guilty to extortion, *see* 18 U.S.C.A. § 1951 (West 2000), and filing a false tax return, *see* 26 U.S.C.A. § 7206(1) (West 2002). For the reasons set forth below, we affirm his sentence.

I.

In October 2000, McClung was appointed Assistant State Superintendent of Schools for the State of West Virginia. As one of the chief administrators for the Department of Education (DoE) for the state, McClung's duties included developing budgets for various state DoE departments and for the county boards of education.

Prior to his appointment, McClung had renewed a friendship with Phillip K. Booth. Booth worked in the insurance industry and owned several businesses, including National Equity, LLC, which purchased delinquent real estate loans for re-

sale, and The Liquidator, LLC, which sold new and used office furniture.

During his tenure, McClung used his position to influence the DoE bidding process and to award DoE contracts and other benefits to Booth's companies. In return, McClung received money and financial benefits from Booth but did not report this income to the Internal Revenue Service. In total, McClung and Booth exchanged a benefit of more than $400,000.

Two days before his trial was to begin, McClung pleaded guilty to extortion under color of official right, *see* 18 U.S.C.A. § 1951, and filing a false tax return, *see* 26 U.S.C.A. § 7206(1). At the plea hearing, the district court, satisfied that McClung was knowingly pleading guilty, advised him of the maximum statutory penalties he faced as a result of his guilty plea. The court also warned McClung that although it was required to "calculate and consult the ... [g]uidelines, [it] ha[d] the authority to sentence outside that range and within the statutory range ... [t]hat is to say, [it was] not bound by the guidelines." J.A. 72. McClung confirmed that he understood.

In preparation for sentencing, a presentence report (PSR) was prepared. The PSR recommended a base offense level of 10, *see United States Sentencing Guidelines Manual* § 2C1.1(a) (2002), a two-level enhancement because the criminal conduct involved more than one extortion or bribe, *see id.* § 2C1.1(b)(1), and a 14-level increase because the benefit or net profit Booth received in return for payments to McClung exceeded $400,000, *see id.* §§ 2C1.1(b)(2)(A)(ii), 2B1.1(b)(1)(H). The PSR also recommended a downward adjustment of two levels for acceptance of responsibility, *see id.* § 3E1.1(a). The resulting final offense level of 24, when combined with McClung's Criminal Histo-

ry Category of I, yielded an advisory guideline range of 51 to 63 months imprisonment. Neither McClung nor the Government objected to the sentencing range as calculated. However, in sentencing memoranda submitted to the court, McClung argued for a sentence at the low end of the range or even a downward departure, while the Government argued for a sentence at the high end of the range.

McClung was sentenced to 84 months imprisonment. The district court emphasized that this sentence was not a departure from the guidelines, but a variance, for which it identified three bases. First, the court found that McClung's offense was the result of "an elaborate, well thought-out extortion scheme" that exploited his position of public trust and directly affected some of the "most economically disadvantaged counties in West Virginia." J.A. 159–60. The court also discredited the personal statement McClung filed with his sentencing memorandum, particularly McClung's assertion that he believed that the bribes he received were "loans." *Id.* at 159. Second, the court determined that the sentence was necessary to promote respect for the law because extortion is a more serious crime when committed by "a high-ranking public official." *Id.* at 160. Last, the court concluded that the "sentence reflects just punishment" for McClung's criminal conduct and that it would "deter other public officials from dishonoring their office by sacrificing the public interest to private gain." *Id.* at 160–61. McClung timely appealed his sentence.

## II.

McClung raises two issues on appeal: (1) that the district court erred by failing to provide notice of its intent to vary upwardly from the guideline range, violating

his right to allocution; and (2) that the sentence imposed was unreasonable.* We address each argument in turn.

### A.

McClung first contends that the district court committed error when it failed to provide advance notice of its intention to vary upwardly from the advisory guideline range. *See* Fed.R.Crim.P. 32(h); *United States v. Davenport*, 445 F.3d 366, 371 (4th Cir.2006). As a result, McClung claims that he was deprived of the opportunity to meaningfully allocute in opposition to the variance sentence imposed. Because McClung did not raise this issue in the district court, our review is for plain error. *See United States v. Olano*, 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Spring*, 305 F.3d 276, 281 (4th Cir.2002).

To establish plain error, McClung must show that an error occurred, that the error was plain, and that the error affected his substantial rights. *See Olano*, 507 U.S. at 732, 113 S.Ct. 1770. To show that the error affected his substantial rights, McClung must demonstrate the error was prejudicial, *i.e.*, that it "affected the outcome of the district court proceedings." *Id.* at 734, 113 S.Ct. 1770. Moreover, even if McClung makes this three-part showing, correction of the error remains within our discretion, which we "should not exercise ... unless the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.' " *Id.* at 732, 113 S.Ct. 1770 (quoting *United States v. Young*, 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) (second alteration in original)).

■ Rule 32(h) of the Federal Rules of Criminal Procedure requires a district court to give "reasonable notice" to the parties that it is considering a departure from the guideline range "on a ground not identified ... either in the presentence report or in a party's prehearing submission." In *Davenport*, we held that the notice requirement of Rule 32(h) "remains a critical part of sentencing post-*Booker*" and that it applies to variances as well as to departures. *Davenport*, 445 F.3d at 371. We therefore agree with McClung that the district committed plain error by failing to provide notice of its intention to vary from the advisory guideline range.

■ McClung, however, has failed to demonstrate that the error affected his substantial rights. First, McClung was not deprived of a meaningful opportunity for allocution. Allocution "affords the defendant two rights: to make a statement in his own behalf, and to present any information in mitigation of punishment." *Green v. United States*, 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961) (plurality opinion) (internal quotation marks omitted); *see* Fed.Crim. R.P. 32(i)(4)(A)(ii). There is no doubt here that McClung had a meaningful opportunity to make a statement in his own behalf and to argue his mitigation case to the court at length, both in his presentencing memorandum and at his sentencing hearing. His presentencing memorandum included a ten-page letter in which McClung addressed his personal history and finances, his financial relationship with Booth, and the charged conduct. He also wrote of his personal shame and of the hardship he brought to his family. McClung concluded his letter by stating that he knew what he had done and "accept[ed] full responsibility for [his] actions." J.A. 140. McClung also addressed the court before his sentence was announced, again accepting responsibility for his actions and asking the court for the

---

* McClung also argues that his sentence violates the Ex Post Facto Clause because at the time of his criminal conduct the guidelines were mandatory. This claim is foreclosed by our decision in *United States v. Davenport*, 445 F.3d 366, 369–70 (4th Cir.2006).

opportunity to make his restitution payments in full.

Second, McClung presented argument to the court regarding all relevant sentencing factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp.2006). *Cf. Spring*, 305 F.3d at 283 (noticing error because the lack of advance notice "impaired [the defendant's] opportunity to be heard on an important matter affecting his sentence"). His presentencing memorandum fully discussed all § 3553(a) factors related to his sentencing, and McClung argued that based on those factors and his desire to make full restitution, a downward departure was warranted. The district court had all this information before it when it imposed the variance sentence, and McClung has provided nothing new or additional he might have said that would have persuaded the court to impose a shorter sentence. Accordingly, we conclude that the error did not affect the outcome of his sentencing proceedings.

### B.

McClung also contends that the 84–month sentence imposed by the district court is unreasonable because it is greater than necessary to comply with the sentencing goals set forth in § 3553(a) and that a sentence within the advisory guideline range of 51–63 months would have been sufficient. We disagree.

█ We review a sentence for reasonableness. *See United States v. Moreland*, 437 F.3d 424, 433 (4th Cir.2006). When reviewing a variance sentence, we consider "whether the district court acted reasonably with respect to (1) the imposition of a variance sentence, and (2) the extent of the variance." *Id.* at 434. "Generally, if the reasons justifying the variance are tied to § 3553(a) and are plausible, the sentence will be deemed reasonable. However, when the variance is a substantial one ... we must more carefully scrutinize the rea-

soning offered by the district court in support of the sentence." *Id.* Therefore, "[t]he farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *Id.*

█ Before sentencing McClung, the district court considered the PSR and the materials and arguments submitted by both parties and it determined that a variance sentence was required to meet the sentencing goals of Congress as stated in § 3553(a). Among the reasons cited by the district court warranting a variance sentence were the duty McClung "owed [as Assistant State Superintendent] to every West Virginian," that McClung created "an elaborate, well thought-out extortion scheme that exploited that position of trust," and that his criminal conduct "affected ... the state's most vulnerable." J.A. 159–60. The district court also stated that it had read McClung's letter and found his explanation of events "incredible." *Id.* at 159. In light of these considerations, the district court concluded that a variance sentence was necessary to promote respect for the law, provide just punishment, and deter other public officials from "dishonoring their office by sacrificing the public interest to private gain." *Id.* at 160–61; *see* 18 U.S.C.A. § 3553(a).

After reviewing the record and McClung's sentence, we conclude that the district court sufficiently articulated the compelling reasons justifying the variance sentence imposed. We thus conclude that the sentence imposed was reasonable.

### III.

For the reasons set forth above, we affirm McClung's sentence.

*AFFIRMED*