**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 06-4696**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JASON BROOKS,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Peter J. Messitte, District Judge. (8:05-cr-00452-PJM)

—————————

Submitted:  June 11, 2007                  Decided:  July 9, 2007

—————————

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

John M. McKenna, BRENNAN, SULLIVAN & MCKENNA, LLP, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Sandra Wilkinson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Brooks pled guilty to two counts of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g) (2000). Under the advisory sentencing guidelines, his range of imprisonment was thirty-seven to forty-six months. The district court sentenced Brooks to concurrent sentences of eighty-four months' imprisonment. On appeal, Brooks claims the district court plainly erred by not giving him notice under Rule 32(h) of the Federal Rules of Criminal Procedure that it was considering a sentence above the advisory guidelines. Brooks further claims the sentence is unreasonable. Finding no error, we affirm.

Because Brooks failed to object to the lack of notice, review is for plain error. See United States v. Spring, 305 F.3d 276, 281 (4th Cir. 2002). Under the plain error standard, Brooks must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). When these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted). Brooks has the burden of showing plain error. United States v. Strickland, 245 F.3d 368, 379-80 (4th Cir. 2001).

We have held that, pursuant to Rule 32(h), advance notice is required before a district court departs or varies from the advisory guideline range in sentencing a defendant after the original judgment of conviction. United States v. Davenport, 445 F.3d 366, 371 (4th Cir. 2006). The failure to give notice that the court intends to depart is an error that is plain. United States v. McClung, 483 F.3d 273, 276 (4th Cir. 2007).

We find Brooks fails to show the error affects his substantial rights. He had notice of the factors the district court used to impose his sentence. He was given an opportunity to provide evidence in mitigation and to allocute. Brooks fails to show that there was any evidence he was prevented from showing the court due to lack of reasonable notice. Accordingly, Brooks fails to establish plain error.

Brooks' sentence was thirty-eight months above the top end of the guidelines range of imprisonment. When imposing a sentence after United States v. Booker, 543 U.S. 220 (2005), the district court is authorized to make factual findings in order to appropriately determine the defendant's advisory range under the guidelines, as the district court did here. Davenport, 445 F.3d at 370. A post-Booker sentence may be unreasonable for procedural and substantive reasons. "A sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons . . . . A sentence may be substantively unreasonable if

- 3 -

the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission." United States v. Moreland, 437 F.3d 424, 434 (4th Cir.) (citations omitted), cert. denied, 126 S. Ct. 2054 (2006). "[A] district court's explanation should provide some indication (1) that the court considered the § 3553(a) factors with respect to the particular defendant; and (2) that it has also considered the potentially meritorious arguments raised by both parties about sentencing." United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006) (internal citation omitted). "[I]n determining whether there has been an adequate explanation, [the Court does] not evaluate a court's sentencing statements in a vacuum." Rather, "[t]he context surrounding a district court's explanation may imbue it with enough content for [the Court] to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." Id. at 381.

We find the district court properly considered the purposes of imposing a sentence and the § 3553(a) factors. See United States v. Shortt, 485 F.3d 243 (4th Cir. 2007). Brooks had a violent criminal history that included acts of torture. He also lied to the court regarding possessing firearms. He has shown a lack of respect for the law and for the constraints of supervised release. We find no error by the district court in imposing a sentence above the advisory guidelines range of imprisonment.

- 4 -

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED