**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4589**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY BERNARD DILLON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge. (CR-04-456)

_____

Submitted:  September 26, 2007     Decided:  October 17, 2007

_____

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Randolph O. Gregory, Sr., LAW OFFICES OF RANDOLPH O. GREGORY, SR., Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Andrew G. W. Norman, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Bernard Dillon pled guilty to credit card fraud in violation of 18 U.S.C. § 1029 (2000). Dillon appeals his sentence, arguing that the district court erred in departing without prior notice, and in departing upward by ten levels without following the approved procedure for a departure pursuant to U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2004), or for a departure above criminal history category VI. We agree that resentencing is required.

With twenty criminal history points, Dillon was in criminal history category VI. Although the probation officer did not suggest any grounds for departure in the presentence report and the government requested a sentence within the guideline range, at the sentencing hearing the district court decided that Dillon's criminal record warranted a higher sentence. The court noted Dillon's twenty-three convictions in seven states over more than twenty years, for which he had received many lenient sentences, each for a relatively small crime. The court made the assumption that no judge had been able to consider any of these crimes in the proper context. The court noted further that Dillon was on parole from a prior robbery conviction when he committed the instant offense. The district court departed upward from offense level 12 to level 21, increasing the advisory guideline range from 30-37

months to 84-105 months, and imposed a sentence of eighty-seven months imprisonment.[*]

Following United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness. United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). When the court departs from the advisory guideline range post-Booker, the defendant is, as before, entitled to notice of the court's intention before sentencing. United States v. Davenport, 445 F.3d 366, 371 (4th Cir. 2006). However, a failure to provide notice is not always prejudicial error. Id.

Because Dillon did not object in the district court to the lack of notice, the issue is reviewed for plain error. United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. McClung, 483 F.3d 273, 276 (4th Cir. 2007), petition for cert. filed, ___ U.S.L.W. ___ (U.S. July 12, 2007) (No. 07-5347). Under the plain error test, the defendant must show that (1) error occurred; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732. Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the

---

[*]The orally pronounced sentence was eighty-seven months. While the judgment order states that the sentence is eighty-four months, the orally pronounced sentence controls. United States v. Osborne, 345 F.3d 281, 283 n.1 (4th Cir. 2003) (citing United States v. Morse, 344 F.2d 27, 29 n.1 (4th Cir. 1965)); see also Rakes v. United States, 309 F.2d 686, 687-88 (4th Cir. 1962).

fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted). Here, as in McClung and Davenport, plain error occurred because Dillon had no notice of a possible departure until the court imposed sentence. However, as in Davenport, we need not decide whether Dillon was prejudiced because the court erred in making the departure, and resentencing is required for that reason. See Davenport, 445 F.3d at 371.

When reviewing a departure, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." Hernandez-Villanueva, 473 F.3d at 123. A departure pursuant to USSG § 4A1.3 is encouraged when the criminal history category does not adequately account for the defendant's past criminal conduct or the likelihood that he will commit other crimes. United States v. Dixon, 318 F.3d 585, 588 (4th Cir. 2003). Here, the district court adequately stated its reasons for departing pursuant to § 4A1.3 and the departure was based on proper factors. Hernandez-Villanueva, 473 F.3d at 123. Thus, the district court's decision to depart was reasonable. United States v. Dalton, 477 F.3d 195, 198-99 (4th Cir. 2007).

However, the court departed above category VI without following the "incremental approach" mandated by § 4A1.3(a)(4)(B) and our precedent for departures above category VI. Dalton, 477 F.3d at 199; United States v. Cash, 983 F.2d 558, 561 (4th Cir.

1992); <u>United States v. Rusher</u>, 966 F.2d 868, 884 (4th Cir. 1992). The court imposed a sentence more than twice the top of the advisory guideline range without providing either the incremental analysis required by § 4A1.3 or the "extensive justification" required by "dramatic departures." <u>Dalton</u>, 477 F.3d at 199 (citing <u>United States v. Hampton</u>, 441 F.3d 284, 288 (4th Cir. 2006)). The court merely stated at the sentencing hearing that it would impose a seven-year sentence, and said nothing about how it determined the extent of the departure.

Accordingly, we vacate the sentence and remand for resentencing. On remand, the court should explain why category VI is inadequate, and "move incrementally down the sentencing table to the next higher offense level until it finds a guideline range appropriate to the case." USSG § 4A1.3(a)(4)(B); <u>Dalton</u>, 477 F.3d at 200 n.3. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>