**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-4729**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER MICHAEL PARTLOW, a/k/a Chris Partlow, a/k/a
Christopher Wilson, a/k/a Chubby Partlow, a/k/a Chubby
Wilson,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
District Judge. (3:97-cr-00184-FDW-19)

———————————

Submitted:  March 18, 2010          Decided:  April 1, 2010

———————————

Before MOTZ, KING, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Claire J. Rauscher, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA,
INC., Matthew R. Segal, Asheville, North Carolina, Elizabeth A.
Blackwood, Research and Writing Attorney, Charlotte, North
Carolina, for Appellant.  Edward R. Ryan, United States
Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant
United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Michael Partlow appeals the district court's order revoking his supervised release and sentencing him to fifteen months' imprisonment and ninety-six months' supervised release. On appeal, Partlow contends that the district court's sentence was procedurally unreasonable, as it was based on two erroneous premises: (1) that supervised release was not punitive in nature, and (2) that lowering Partlow's term of supervised release would create an unwarranted disparity, as such reductions were not available to defendants who did not violate their supervised release terms. We affirm.

Generally, we will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). However, here, after the district court explained the sentence it intended to impose, it specifically asked counsel whether they saw any legal reason why the sentence could not be imposed. Though Partlow's counsel thus had the opportunity to object to the district court's explanation of the basis for its proposed sentence, they failed to do so. Accordingly, our review is for plain error. Fed. R. Crim. P. 52(b); United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). To establish plain error,

2

Partlow must show that: (i) an error occurred; (ii) the error is plain; and (iii) the error affected his substantial rights. See United States v. Smith, 441 F.3d 254, 271 (4th Cir. 2006). An error affects substantial rights if it was so prejudicial as to affect the outcome of the proceedings. United States v. McClung, 483 F.3d 273, 276 (4th Cir. 2007). Even if Partlow can establish plain error, however, correction of the error remains within our discretion and should not be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

Here, we find that Partlow's first assignment of error is without merit. Though Partlow contends that the district court mistakenly believed that supervised release was not a punishment, this contention is belied by the record. Instead, the district court correctly recognized that supervised release had both punitive and rehabilitative aspects, and was therefore not wholly punitive in the manner described by Partlow's counsel. Indeed, the district court's notation of the "transitional" purposes behind supervised release mirrors the congressional intent previously recognized by the Supreme Court: "Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by

3

incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000). Accordingly, the district court did not commit procedural error in noting the rehabilitative aspects of supervised release.

Partlow next contends that the district court erred in noting that it sought to avoid unwarranted sentencing disparities that might arise if it changed the supervised release terms for violators, while those individuals who did not violate were forced to serve the full length of their term. Partlow argues that, as the district court failed to recognize that an individual under a term of supervised release may seek a reduction in his term after the expiration of one year of supervised release, this misstatement of the law rendered Partlow's sentence procedurally unreasonable.

However, even if the district court did not fully account for applicable supervised release law in evaluating Partlow's argument, Partlow fails to demonstrate that any error affected his substantial rights. The district court listed numerous reasons for imposing the sentence it did, including the nature of the crimes committed, the need for deterrence, and the need to protect the public. Accordingly, because Partlow fails to demonstrate that his substantial rights were affected by this alleged error, we find his argument unavailing.

4

Therefore, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED