**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4563**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

AVERY MULDROW, a/k/a Ace Boog,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:13-cr-00006-BO-1)

Submitted:  April 30, 2014    Decided:  May 29, 2014

Before MOTZ, KING, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Renorda E. Pryor, HERRING LAW CENTER, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Avery Muldrow pled guilty to four counts of distributing a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) (2012). The district court sentenced him to 120 months of imprisonment, seventy-nine months above the high end of his Guidelines range, and a life term of supervised release. On appeal, Muldrow raises several challenges to that sentence and, having carefully reviewed the record, we affirm.

Generally, we review a sentence for reasonableness, using "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). We must first review for "significant procedural error[s]," including, among other things, improperly calculating the Guidelines range. Id. Only if we find a sentence procedurally reasonable may we consider its substantive reasonableness. Id.

Muldrow first contends that the district court erred in enhancing his offense level for possessing a dangerous weapon in connection with his narcotics distribution activities, U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1) (2012) ("weapons enhancement"). Specifically, Muldrow argues that the evidence failed to tie him or his drug dealing to a specific residence or the several firearms discovered therein. We review the district court's contrary factual findings for clear error and will "find [such] only if, on the entire evidence, we are

2

left with the definite and firm conviction that a mistake has been committed." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks and alteration omitted). A district court must find facts relevant to sentencing by a preponderance of the evidence. See United States v. Alvarado Perez, 609 F.3d 609, 614 (4th Cir. 2010).

In the case of narcotics offenses like Muldrow's, the Guidelines direct a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). "The enhancement is proper when the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction, even in the absence of proof of precisely concurrent acts . . . ." United States v. Slade, 631 F.3d 185, 189 (4th Cir. 2011) (internal quotation marks and citation omitted). Once the Government establishes a defendant's possession of a firearm, the weapons enhancement is proper unless a connection between that possession and the defendant's narcotics offense is "clearly improbable." United States v. Harris, 128 F.3d 850, 852-53 (4th Cir. 1997); see USSG § 2D1.1 cmt. n.11(A).

Here, Muldrow produced no information refuting the information in the presentence report that he stored firearms and a substantial quantity of narcotics in his residence. On that basis alone, the district court was entitled to apply the

3

weapons enhancement. See United States v. Nelson, 6 F.3d 1049, 1056 (4th Cir. 1993), overruled on other grounds by Bailey v. United States, 516 U.S. 137 (1995); see also United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Moreover, the testimony at Muldrow's sentencing confirmed that he constructively possessed a firearm in connection with his heroin distribution. See United States v. Lawing, 703 F.3d 229, 240 (4th Cir. 2012) (explaining constructive possession), cert. denied, 133 S. Ct. 1851 (2013). Officers discovered three firearms under the bed of Muldrow's housemate, a quadriplegic, who indicated that the weapons were Muldrow's. Although that housemate was also implicated in narcotics distribution, his accusation regarding the firearms' origin was confirmed by the fact that the bullets loaded in one of the guns matched ammunition found in Muldrow's suspected bedroom. See United States v. Pratt, 553 F.3d 1165, 1170-71 (8th Cir. 2009) (concluding that, at sentencing, district court did not err in relying on hearsay statements of defendant's co-conspirators as related through law enforcement officer where such statements were generally consistent with other evidence). Considering that Muldrow also produced no information indicating that the firearms were exclusively controlled by anyone else, there was no clear error in the district court's determination that Muldrow possessed a dangerous weapon.

Nor was it clearly improbable that such possession was connected to Muldrow's narcotics distribution. Stored in an accessible location within a residence where Muldrow stashed his narcotics, the weapons were of a variety commonly used to defend illicit drugs and the proceeds from their sale. See Manigan, 592 F.3d at 629. That one of the guns was loaded and Muldrow kept additional ammunition close at hand was also suggestive of a connection between Muldrow's heroin trafficking and the firearms. See United States v. Betz, 82 F.3d 205, 210-11 (8th Cir. 1996). Accordingly, the district court's application of the weapons enhancement was not clearly erroneous.

Next, Muldrow contends that the district court erred by failing to provide prior notice of its intent to consider an upward departure, as required by Fed. R. Crim. P. 32(h). Because Muldrow raised no relevant objection in the district court, we review for plain error. See Fed. R. Crim. P. 52(b); Henderson v. United States, 133 S. Ct. 1121, 1126–27 (2013) (discussing standard); United States v. Olano, 507 U.S. 725, 732 (1993). Assuming without deciding that there was error and the error was plain, we conclude that Muldrow fails to show an effect on his substantial rights. See United States v. McClung, 483 F.3d 273, 276–77 (4th Cir. 2007).

A sentencing error affects a defendant's substantial rights where, "absent the error, a different sentence might have

5

been imposed." United States v. Hernandez, 603 F.3d 267, 273 (4th Cir. 2010). Here, Muldrow summarily suggests that, had he received the proper notice, he would have argued against or produced evidence refuting several of the grounds on which the district court found a Guidelines sentence inadequate. However, Muldrow does not begin to identify what the substance of that evidence or argument would have been.

Moreover, the district court alerted Muldrow to why it intended to deviate from the Guidelines range and gave him the opportunity to argue in opposition. Accordingly, Muldrow "has provided nothing new or additional he might have said that would have persuaded the court to impose a shorter sentence" and thus fails to show that the purported lack of Rule 32(h) notice "affect[ed] the outcome of his sentencing proceedings." McClung, 483 F.3d at 277.

Finally, Muldrow summarily suggests that his sentence is substantively unreasonable because the district court's stated reasons for its imposition were inadequate. We review the substantive reasonableness of Muldrow's sentence with regard to "whether the District Judge abused his discretion in determining that the § 3553(a) factors supported [the] sentence . . . and justified [the] . . . deviation from the Guidelines range." Gall, 552 U.S. at 56. In doing so, we "take into

6

account the totality of the circumstances, including the extent of any [deviation] from the Guidelines range." Id. at 51.

Here, in support of Muldrow's sentence, the district court focused on the nature and circumstances of Muldrow's offenses and his personal history and characteristics. 18 U.S.C. § 3553(a)(1) (2012). Muldrow takes no issue with the propriety or accuracy of such considerations, their reflection of his individual circumstances, or their relevance to the goals of § 3553(a). Thus, we conclude that Muldrow fails to show that his sentence is substantively unreasonable. See United States v. Rivera-Santana, 668 F.3d 95, 106 (4th Cir. 2012).

Accordingly, we affirm the district court's judgment. We deny Muldrow's pro se motions to file supplemental briefs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED