**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4658**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

MIGUEL EDUARDO SILVA,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:12-cr-00021-MOC-DCK-1)

———————

Submitted:  July 29, 2014         Decided:  August 6, 2014

———————

Before KING, AGEE, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Ross Hall Richardson, Executive Director, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina; Douglas E. Roberts, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Eduardo Silva appeals the 127-month sentence imposed following his conviction by a jury of one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012) (Count One), one count of attempt to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (2012) (Count Two), and one count of discharge of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2012) (Count Three). On appeal, Silva challenges the reasonableness of his sentence. We affirm.

We review a sentence for reasonableness, using "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). We must first review for "significant procedural error[s]," including, among other things, improperly calculating the Guidelines range. Id. Only if we find a sentence procedurally reasonable may we consider its substantive reasonableness. Id.

Silva first argues that his sentence is procedurally unreasonable because the district court failed to provide notice of its decision to upwardly depart, as required by Fed. R. Crim. P. 32(h). Because Silva raised no relevant objection in the district court, our review of the issue is for plain error. See Fed. R. Crim. P. 52(b); Henderson v. United States, 133 S. Ct.

2

1121, 1126–27 (2013) (discussing standard).  Even if the district court failed to comply with Rule 32(h)'s notice requirement, however, Silva fails to show that this failure affected his substantial rights.  See United States v. McClung, 483 F.3d 273, 276 (4th Cir. 2007) (holding that failure to give Rule 32(h) notice is plain error, but defendant failed to show error's effect on substantial rights).

A sentencing error affects a defendant's substantial rights where, "absent the error, a different sentence might have been imposed."  United States v. Hernandez, 603 F.3d 267, 273 (4th Cir. 2010).  In this case, the district court explicitly stated that it would impose the identical sentence in the absence of the upward departure, and Silva has failed to identify anything "new or additional" that he would have presented to the district court had he been afforded adequate notice under Rule 32(h).  McClung, 483 F.3d at 277.  Therefore, Silva is entitled to no relief on this claim.

Silva next contends that the district court failed to properly apply the upward departure authorized under U.S. Sentencing Guidelines Manual ("USSG") § 5K2.1, p.s. (2012), by failing to adequately consider the factors set forth therein. But the record reflects that the district court did explicitly consider the § 5K2.1 factors, specifically discussing Silva's

3

preparation, state of mind, and other relevant factors. Therefore, this claim is unavailing.

Finally, Silva argues that his sentence is substantively unreasonable. Regardless of whether a district court varies or departs to a sentence above the Guidelines range, we review the substantive reasonableness of an above-Guidelines sentence with regard to "whether the [d]istrict [j]udge abused his discretion in determining that the § 3553(a) factors supported [the] sentence . . . and justified [the] deviation from the Guidelines range." Gall, 552 U.S. at 56. In doing so, we "take into account the totality of the circumstances, including the extent" of the deviation. Id. at 51.

Here, in support of the sentence, the district court focused on the nature and circumstances of Silva's offense, the need to provide adequate deterrence, and Silva's personal history and characteristics. Moreover, the court considered Silva's claim of self-defense, but determined that Silva's decision to bring a firearm to a drug deal evidenced his willingness to use it, resulting in Silva shooting and killing a prospective drug buyer who tried to rob him. Therefore, Silva fails to show that his sentence is substantively unreasonable. See United States v. Rivera-Santana, 668 F.3d 95, 106 (4th Cir. 2012) ("That a variance sentence deviates significantly from the

4

advisory Guidelines range . . . does not alone render it presumptively unreasonable."); see also United States v. Diosdado-Star, 630 F.3d 359, 367 (4th Cir. 2011) (affirming sentence seventy-two months above Guidelines range where court properly explained its decision pursuant to § 3553(a) factors).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED