**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4744**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ROBERT NEIL SAMPSON,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge.
(8:13-cr-00357-RWT-1)

Submitted:  October 20, 2015       Decided:  November 10, 2015

Before AGEE and FLOYD, Circuit Judges, and DAVIS, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

Michael Lawlor, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for
Appellant. Rod J. Rosenstein, United States Attorney, Arun G.
Rao, Mara Z. Greenberg, Assistant United States Attorneys,
Gustav W. Eyler, Special Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Neil Sampson pled guilty to conspiracy to interfere with interstate commerce by robbery, interference with commerce by robbery, and brandishing a firearm during a crime of violence. He appeals, asserting that his upward variance sentence was unreasonable.[1] We affirm.

Sampson contends that his sentence was procedurally and substantively unreasonable because the district court failed to meaningfully consider the 18 U.S.C. § 3553(a) (2012) factors; failed to consider Sampson's chief argument (his age, 53 at the time of sentencing); failed to explain why a variance sentence served the purposes of sentencing while a Sentencing Guidelines sentence did not; and erroneously supported its variance sentence with details about Sampson's offenses that were considered by the Guidelines. We review a sentence for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step requires this court to ensure that the district court committed no significant procedural error such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider

[1] Sampson was sentenced to 300 months in prison; his Sentencing Guidelines range was 205-235 months.

2

the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range. Id. If we conclude that a sentence is free of significant procedural error, we then consider the substantive reasonableness of the sentence. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010).

In the case of a variance or departure, "'a major departure should be supported by a more significant justification than a minor one,'" United States v. Lymas, 781 F.3d 106, 113 (4th Cir. 2015) (internal alterations omitted) (quoting Gall, 552 U.S. at 50)), and appellate courts apply greater scrutiny to an explanation supporting a substantial variance, see United States v. McClung, 483 F.3d 273, 277 (4th Cir. 2007). A sentencing court's explanation falters if it fails to provide an individualized assessment of the facts before it when imposing the sentence. Lymas, 781 F.3d at 113-14.

Here, the district court's variance explanation was sufficient. Sampson was sentenced to a term of imprisonment approximately 30% higher than the top of his total Guidelines range. Thus, while the court was required to provide a higher level of detail in its explanation, the court's lengthy discussion of Sampson's crime and background met that requirement. While the court relied heavily on the seriousness

3

of the crime and the failure of the Guidelines to adequately punish the crime, the court also considered other statutory factors. For instance, the court considered the need for deterrence and protection of the public. The court also examined Sampson's background, the affect of his plea agreement, and his unpredictable criminal behavior.

Moreover, the court explicitly referenced each of the § 3553(a) factors and explained how the offenses at issue went far beyond most robberies by involving extremely violent behavior and lasting injuries to the victims. The court specifically pointed to Sampson's unusual background in determining that his criminal behavior was unpredictable and needed to be deterred. While the court did not explicitly discuss Sampson's age, the court was clearly aware of that factor. Furthermore, the court expressly rejected a Guidelines sentence, noting that it was too far away from the statutory maximum given the circumstances of the crime. Accordingly, the district court's articulation of its reasons for the variance belies Sampson's claim of procedural error.

Turning to the substantive reasonableness of the sentence, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in 18 U.S.C. § 3553(a). United States v. Gomez-Jimenez, 750 F.3d 370, 383

4

(4th Cir.), cert. denied, 135 S. Ct. 305 (2014). Sentences that vary outside the Guidelines range are still entitled to due deference. Id. When reviewing a variance or departure, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range. United States v. McNeill, 598 F.3d 161, 166 (4th Cir. 2010). It is within the sentencing court's discretion to accord more weight to the aggravating factors and decide that the sentence imposed would serve the § 3553(a) factors on the whole. Gall, 552 U.S. at 56-59; see also United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011) (observing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors") (citation omitted).

Here, the court recognized its obligations to impose a sentence sufficient, but not greater than necessary, to comply with the § 3553(a) factors. Regarding the various § 3553(a) factors, the court detailed the nature and circumstances of the offenses, noting that Sampson benefitted from a plea agreement that resulted in the dismissal of various counts. The court reflected on Sampson's prior criminal history, concluding that there were numerous uncounted convictions and many dismissed charges for serious crimes. The court found that Sampson had managed to recover from his youthful criminal behavior but that

5

he returned to crime after a very long period of time. The court found that the Guidelines range was insufficient in this case, based upon the seriousness of the crime and the need to protect and deter the public.

We conclude that the district court carefully considered the relevant § 3553(a) factors and tied them to the increased sentence. While Sampson's Guidelines range included departures for a victim sustaining a serious bodily injury, physical restraint, carjacking, the involvement of controlled substances, and the loss amount, it was within the court's discretion to determine, as it did, that the totality of Sampson's criminal behavior, which included carefully planned and very dangerous robberies causing lasting impact to both victims and businesses, was not fully accounted for by the Guidelines. We find that the district court did not give excessive weight to any single factor, but instead considered all the applicable factors.

Thus, we affirm Sampson's sentence. Sampson has filed a motion to file a pro se supplemental brief raising claims of ineffective assistance and challenging the denial of his motion to withdraw his plea.[2] Because Sampson is represented by counsel who has filed a merits brief, he is not entitled to file a pro

---

[2] We grant Sampson's motion for reconsideration challenging the striking of the proposed brief from the docket.

se supplemental brief.  Accordingly, we deny his motion.  <u>See</u> <u>United States v. Penniegraft</u>, 641 F.3d 566, 569 n.1 (4th Cir. 2011) (denying motion to file pro se supplemental brief because the defendant was represented by counsel).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>