**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4298**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALHAKKA CAMPBELL,

Defendant - Appellant.

**No. 19-4300**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN CAMPBELL,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:18-cr-00124-HEH-1; 3:18-cr-00124-HEH-2)

Submitted: March 4, 2021                                      Decided: April 2, 2021

Before GREGORY, Chief Judge, THACKER, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Geremy C. Kamens, Federal Public Defender, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER; Mark Diamond, Richmond, Virginia, for Appellants.  G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Michael R. Gill, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alhakka Campbell appeals his convictions for armed bank robbery, in violation of 18 U.S.C. §§ 2, 2113(a), (d); and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii). John Campbell appeals his convictions for armed bank robbery, in violation of 18 U.S.C. §§ 2, 2113(a), (d); using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(i); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g), as well as his 156-month sentence. For the following reasons, we affirm the district court's judgments.

Appellants first argue that the district court abused its discretion by refusing to give a requested jury instruction regarding the aiding and abetting charges against them. "We review a district court's decision to give [or not give] a particular jury instruction for abuse of discretion" and "whether a jury instruction incorrectly stated the law de novo." *United States v. Miltier*, 882 F.3d 81, 89 (4th Cir. 2018). In assessing whether an instruction correctly stated the law, "[w]e must determine whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *Id.* (internal quotation marks omitted). "Even if a jury was erroneously instructed, however, we will not set aside a resulting verdict unless the erroneous instruction seriously prejudiced the challenging party's case." *Id.* (internal quotation marks omitted) (emphasis omitted). Furthermore, declining to give a proposed instruction "is reversible error only if [the proposed instruction] (1) was correct, (2) was not substantially covered by the charge

3

that the district court actually gave to the jury, and (3) involved some point so important that the failure to give the instruction seriously impaired the defendant's defense." *United States v. Raza*, 876 F.3d 604, 614 (4th Cir. 2017) (internal quotation marks omitted). After reviewing the record and relevant authorities, we conclude that the court properly instructed the jury and did not abuse its discretion in declining to give Appellants' proposed instruction.

Next, Appellants argue that the district court erred by denying their motion to suppress the evidence obtained from the searches of John Campbell's house and truck without first holding an evidentiary hearing. "We assess de novo the legal determinations underlying a district court's suppression rulings, including the denial of a [*Franks v. Delaware*, 438 U.S. 154 (1978)] hearing, and we review the court's factual findings relating to such rulings for clear error." *United States v. White*, 850 F.3d 667, 672 (4th Cir. 2017) (internal quotation marks omitted). "An accused is generally not entitled to challenge the veracity of a facially valid search warrant affidavit" by way of a motion to suppress. *United States v. Allen*, 631 F.3d 164, 171 (4th Cir. 2011). However, under *Franks*, a defendant is entitled to suppression of evidence seized if, during an evidentiary hearing on the veracity of statements in the affidavit, "perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause." *Franks*, 438 U.S. at 156.

To be entitled to a *Franks* hearing, "a defendant must make a substantial preliminary showing that (1) law enforcement made a false statement [or omission]; (2) the false

4

statement [or omission] was made knowingly and intentionally, or with reckless disregard for the truth; and (3) the false statement [or omission] was necessary to the finding of probable cause." *United States v. Moody*, 931 F.3d 366, 370 (4th Cir. 2019) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 823 (2020). "[A]llegations of negligence or innocent mistake provide an insufficient basis for a hearing." *United States v. McKenzie-Gude*, 671 F.3d 452, 462 (4th Cir. 2011) (internal quotation marks omitted). Furthermore, "'[o]mitted information that is potentially relevant but not dispositive of the probable cause determination is not enough to warrant a *Franks* hearing.'" *Id.* (brackets omitted) (quoting *United States v. Colkley*, 899 F.2d 297, 301 (4th Cir. 1990)). After reviewing the record and relevant authorities, we conclude that the district court neither erred by denying Appellants' motion to suppress, nor erred by doing so without first holding an evidentiary hearing.

Third, Appellants argue that the court erred by finding that armed bank robbery was a crime of violence and accordingly refusing to dismiss the § 924(c) charges against them.[*] Appellants' argument is foreclosed by our decision in *United States v. McNeal*, 818 F.3d 141, 151 (4th Cir. 2016) (holding 18 U.S.C. § 2113(a), (d) is categorically a crime of violence under force clause of § 924(c)). Accordingly, we conclude that the district court did not err by refusing to dismiss the charges against Appellants.

---

[*] Because John Campbell did not pursue this argument below, his challenge to his § 924(c) conviction on these grounds is reviewed for plain error only. *See United States v. McClung*, 483 F.3d 273, 276 (4th Cir. 2007); Fed. R. Crim. P. 52(b).

Next, Alhakka Campbell argues that the district court erred by refusing to suppress the evidence obtained from the search of his phone.  We review de novo a district court's legal conclusions made in denying a motion to suppress and its factual findings for clear error, *United States v. Kolsuz*, 890 F.3d 133, 141-42 (4th Cir. 2018), and review the sufficiency of a search warrant and its supporting affidavit de novo, *United States v. Oloyede*, 982 F.2d 133, 138 (4th Cir. 1992).  "When, as here, a motion to suppress has been denied, we view the evidence in the light most favorable to the government." *United States v. McBride*, 676 F.3d 385, 391 (4th Cir. 2012).

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.  The requirement of particularity "ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987).  "When it comes to particularity, we construe search warrants in a commonsense and realistic manner, avoiding a hypertechnical reading of their terms." *United States v. Blakeney*, 949 F.3d 851, 862 (4th Cir. 2020) (internal quotation marks omitted).  A warrant is sufficiently particularized if it "describes the items to be seized with enough specificity that the executing officer is able to distinguish between those items which are to be seized and those that are not," and "constrain[s] the discretion of the executing officers and prevent[s] a general search." *Id.* at 862-63 (internal quotation marks omitted).  After reviewing the record and relevant

authorities on this point, we conclude that the district court did not err by refusing to suppress the evidence obtained from the search of Alhakka's phone.

Relatedly, Alhakka argues that the district court erred by admitting evidence of Alhakka's internet browsing history obtained from his phone related to his searches for short-term loans. "We review a trial court's rulings on the admissibility of evidence for abuse of discretion." *United States v. Abdallah*, 911 F.3d 201, 219 (4th Cir. 2018) (internal quotation marks omitted). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted). Even if a district court abuses its discretion, we will not overturn a conviction due to an erroneous evidentiary ruling if the error is harmless—that is, if we can "say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *United States v. Cole*, 631 F.3d 146, 155 (4th Cir. 2011) (internal quotation marks omitted). We have reviewed the record on this point and find that the district court did not abuse its discretion in admitting the evidence of Alhakka's browsing history under Fed. R. Evid. 403.

Alhakka also argues that the district court erred by refusing to dismiss the § 924(c) charge against him as a sanction for an alleged violation of the Government's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), asserting that the court-ordered stipulation regarding a potential witness's testimony was insufficient to remedy the prejudice caused

7

by her absence at trial. "[T]o establish a *Brady* violation, the evidence at issue must have been (1) favorable to the defendant (either because it was exculpatory or impeaching), (2) material to the defense (that is, prejudice must have ensued), and (3) suppressed (that is, within the prosecution's possession but not disclosed to defendant)." *United States v. Young*, 916 F.3d 368, 383 (4th Cir. 2019). "No due process violation occurs as long as *Brady* material is disclosed to a defendant in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985). After reviewing the record and relevant authorities on this point, we conclude that the district court did not err by refusing to dismiss the § 924(c) charge against Alhakka Campbell.

Next, John Campbell argues that his convictions were not supported by sufficient evidence. This court reviews de novo the sufficiency of the evidence supporting a conviction. *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017). "A defendant challenging the sufficiency of the evidence faces a heavy burden." *United States v. Banker*, 876 F.3d 530, 540 (4th Cir. 2017) (internal quotation marks omitted). On such a challenge, the defendant's conviction "must be upheld if there is substantial evidence to support it." *United States v. Benson*, 957 F.3d 218, 237-38 (4th Cir. 2020). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* at 238 (internal quotation marks omitted). "In evaluating the evidence, [we] must view the evidence in the light most favorable to the Government, drawing all reasonable inferences in its favor and assuming the jury resolved all contradictions in testimony in favor of the Government." *Id.* (brackets and internal quotation marks omitted). "Insufficient evidence may be found

8

only if no rational trier of fact could have agreed with the jury." *Id.* (internal quotation marks omitted). Our review of the record leads us to conclude that the convictions are supported by sufficient evidence.

John Campbell also challenges the reasonableness of his sentence. We review criminal sentences for reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lynn*, 912 F.3d 212, 216 (4th Cir. 2019) (internal quotation marks omitted). In evaluating a sentencing court's calculation of the advisory Sentencing Guidelines range, we "review the district court's factual findings for clear error and legal conclusions de novo." *White*, 850 F.3d at 674.

We must first review the procedural reasonableness of a sentence before considering its substantive reasonableness. *See United States v. Provance*, 944 F.3d. 213, 218 (4th Cir. 2019). In determining procedural reasonableness, we look for "significant procedural error, such as . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). This standard requires the district court to "address or consider all non-frivolous reasons presented for imposing a different sentence and explain why he has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019). Furthermore, "a perfunctory recitation of the defendant's arguments or the § 3553(a)

factors without application to the defendant being sentenced does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (internal quotation marks omitted). Rather, "the district court must provide some individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." *Ross*, 912 F.3d at 744 (internal quotation marks omitted). After reviewing the record, we conclude that John Campbell's sentence is procedurally reasonable.

Moving to substantive reasonableness, we examine "the totality of the circumstances" to determine if a sentence is substantively reasonable. *Gall*, 552 U.S. at 51. "Where, as here, the district court imposes a sentence outside of the Guidelines range, it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Provance*, 944 F.3d at 217 (internal quotation marks omitted). "A major departure should be supported by a more significant justification than a minor one." *Id.* While "we may consider the extent of the deviation, we must give due deference to the district court's decision that the 18 U.S.C. § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (brackets and internal quotation marks omitted). Our review of the record also leads us to conclude that John Campbell's sentence is substantively reasonable.

Finally, John Campbell asserts that the district court erred both by declining to sever the § 922(g) charge against him and, after he stipulated to his status as a convicted felon, by failing to give a limiting instruction regarding the jury's consideration of his prior convictions. We review a district court's denial of a motion to sever for abuse of discretion.

10

*United States v. Cannady*, 924 F.3d 94, 102 (4th Cir. 2019). Severance of properly joined offenses is appropriate if the defendant establishes that he would be prejudiced by the joinder. *See* Fed. R. Crim. P. 14(a). However, defendant moving to sever counts in an indictment has the burden of demonstrating "a strong showing of prejudice," *United States v. Branch*, 537 F.3d 328, 341 (4th Cir. 2008) (internal quotation marks omitted), and "it is not enough to simply show that joinder makes for a more difficult defense," *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984). Accordingly, "the district court's denial of a motion to sever should be left undisturbed, absent a showing of clear prejudice or abuse of discretion." *Branch*, 537 F.3d at 341 (internal quotation marks omitted). After reviewing the record and relevant authorities, we conclude that the district court both gave a proper limiting instruction and did not abuse its discretion in refusing the sever the § 922(g) charge against John Campbell.

Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

11