**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4413**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TERRELL BANKER,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, District Judge. (7:15-cr-00023-GEC-1)

Argued: September 15, 2017                    Decided: November 14, 2017

Before SHEDD, AGEE, and FLOYD, Circuit Judges.

Affirmed by published opinion. Judge Agee wrote the opinion, in which Judge Shedd and Judge Floyd joined.

**ARGUED:** Robert Edwin Dean, II, ROB DEAN LAW, Roanoke, Virginia, for Appellant. Laura Day Rottenborn, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee. **ON BRIEF:** John P. Fishwick, Jr., United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Chief of the Civil Division, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

AGEE, Circuit Judge:

Terrell Banker appeals his convictions for conspiracy to engage in sex trafficking of a minor, in violation of 18 U.S.C. § 1594; sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a); and enticement of a minor for illegal sexual activity, in violation of 18 U.S.C. § 2422(b). He contends the district court improperly instructed the jury on the scienter element of each offense because they require proof that he knew the victim was a minor. Banker also contends that, regardless of the scienter standard required, the evidence was insufficient to support his convictions. For the reasons set out below, we reject these arguments and affirm Banker's convictions.

I.

We recount the relevant facts "in the light most favorable to the Government." *Evans v. United States*, 504 U.S. 255, 257 (1992). In early February 2015, Banker met C.O. through a mutual friend, Laura Cook, who had only recently met C.O. At that time, C.O. was seventeen years old. After all the events at issue in this case occurred, C.O. turned eighteen years of age on June 1, 2015.

Although C.O. initially lied to Cook and said that she was eighteen, C.O. soon told her the truth that she was a minor. C.O. never directly told Banker her age.

Around the time they met in person, Banker, Cook, and C.O. also became "friends" on Facebook, where C.O.'s account incorrectly represented that she was eighteen years old. Despite that representation, in a March 2015 Facebook update, which Banker would have been able to see, C.O. tagged Cook and another mutual friend and

2

referenced her upcoming 18th birthday: "I can't wait for the summer. It's going to be a live [sic] AF . . . . Girls you gonna party with me on my birthday in June? It's the big one, ladies." J.A. 150.

Prior to the events leading to Banker's indictment, he, Cook, and C.O. spent most weekends together. Banker supplied illicit drugs to both women and, because C.O. did not have money to pay him, accepted payment in the form of sex from her.

Several days prior to the charged events, C.O. extended her weekend visit with Cook. Although Banker had agreed to take C.O. to her high school on Monday morning, C.O. ended up "d[oing] coke all [Sunday] night" and did not make it to school. J.A. 155. Despite that decision, C.O. confided in Cook that she was scared about missing another day of school because she was already on probation. Cook invited C.O. to "stay with her until [C.O.] turned 18." J.A. 161. Having decided to stay with Cook, C.O. told Banker that she was "not going home, [she was now] a runaway." J.A. 162.

C.O. asked if Banker could sell her phone because she needed money and did not want anyone to be able to track her location via her phone. In addition, C.O. asked Banker to take her to her stepfather's house while he was at work so that she could take some things to pawn. Banker agreed, though they did not follow through with that plan. During the same time, C.O. and Cook discussed how C.O. could earn money. Cook suggested that C.O. become a prostitute and that Banker could help her do so.

After that conversation, Cook and Banker sat in Banker's truck in front of Cook's residence and talked for several hours. During that conversation, overheard by C.O., Cook asked Banker, "What are we going [to] do with her? She's 17. She's a runaway."

3

J.A. 174; *see also* J.A. 237. Banker's expression did not noticeably change immediately thereafter and no verbal response from Banker is in the record.

A few days later, Banker arranged for C.O. to have sex with a local truck driver upon payment of a fee to Banker. He had periodically arranged for the truck driver to meet women in the past for such services, so Banker and the truck driver negotiated a price of $150 and agreed to meet at midnight on April 1 in the parking lot of an area hotel.

Banker and C.O. coordinated the rendezvous through a series of messages on Facebook. C.O. expressed hesitation because she had "never prostituted [her]self before" and she was concerned about the truck driver's appearance. J.A. 179. Banker attempted to allay her doubts, encouraging her to just get it over with quickly, directing her to a photograph of the truck driver on Facebook, and reassuring her that the man was "cool" and that a mutual friend had previously had sex with him as well. J.A. 179–80. He also reminded her that she needed money quickly. C.O. agreed to do as Banker proposed.

At the arranged time, Banker drove C.O. to the hotel parking lot. He then took $200 from the truck driver and left the scene in order to get change. While he was gone, C.O. and the truck driver had sex in the driver's truck.

In the meantime, a bystander telephoned the police to report suspicious activity in the hotel parking lot. The police officer dispatched to the hotel discovered C.O. and the truck driver waiting in the truck for Banker to return. C.O. initially provided false identifying information, but soon started cooperating with the police and relayed the recent course of events with Banker and Cook. Banker did not return to the hotel.

4

The police asked C.O. to contact Banker on Facebook. When she did, C.O. told Banker that she had been "held . . . as a runaway," but was finally back home. J.A. 190. She told him "[t]hey didn't charge me because I'm a minor." J.A. 190. Banker did not reply directly to C.O.'s statement that she was a minor.

Banker was charged in a superseding indictment with conspiracy to engage in sex trafficking of a minor, in violation of 18 U.S.C. § 1594; sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a); and enticement of a minor, in violation of 18 U.S.C. § 2422(b). He pleaded not guilty to all charges.

Before trial, the Government filed a motion in limine concerning its burden of proof with respect to the knowledge element of each offense. In relevant part, the district court ruled that, with respect to the § 1591(a) sex trafficking offense, it would charge the jury that it needed to find beyond a reasonable doubt that Banker "knew, or was in reckless disregard of the fact that [C.O.] was under the age of eighteen." J.A. 29. Additional instructions emphasized that this element could be satisfied by proof of either knowledge or reckless disregard, and that in considering proof of reckless disregard, the jury could "consider [Banker's] reasonable opportunity to observe" C.O. J.A. 29–30. As for the § 2422(b) enticement offense, the district court indicated it would charge the jury that it needed to find that Banker "knowingly persuaded, induced, enticed, or coerced [C.O.] to engage in prostitution." J.A. 30. However, regarding the element of age, the district court ruled the jury must find "that [C.O.] was less than eighteen years old at the time," but that the statute did not require the Government to prove that Banker knew C.O. was under the age of eighteen. J.A. 30.

5

At trial, several witnesses testified to the foregoing course of events, including C.O., Cook, and the truck driver. Both Cook and the truck driver had been charged with offenses arising from their involvement with C.O., and both had pleaded guilty. As part of their respective plea agreements, they agreed to cooperate in any prosecutions. Banker did not call any witnesses or present any other evidence.

The district court instructed the jury on the elements of the offenses in a manner consistent with its pretrial order. The jury convicted Banker on all three counts, and the district court sentenced Banker to 156 months' imprisonment for each count, to run concurrently, plus ten years' supervised release.

Banker noted a timely appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## II.

Banker contends that the district court's jury instructions concerning § 1591(a) and § 2422(b) misstated the law. He maintains that to convict him of sex trafficking of a minor under § 1591(a) the jury had to find that he actually knew C.O. was a minor and could not properly base its verdict on the lesser mens rea of reckless disregard. In addition, he asserts that, to convict him of enticing a minor to engage in prostitution under § 2422(b), the jury had to find not only that C.O. was a minor, but also that he knew that fact.

We review de novo whether jury instructions accurately state the law. *United States v. Mouzone*, 687 F.3d 207, 217 (4th Cir. 2012).[1]

A. Section 1591(a)

In relevant part, the applicable version of § 1591(a) provides:

> Whoever knowingly—
>
> > (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or
> >
> > (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished . . . .

18 U.S.C. § 1591(a) (2012).[2]

Banker contends the district court erred by instructing the jury that it could convict him based upon proof he acted either knowingly or in reckless disregard of C.O.'s age. According to Banker, a conviction under the minors clause of the statute ("that the person

---

[1] We have omitted internal quotation marks, alterations, footnotes, and citations throughout this opinion, unless otherwise noted.

[2] Congress amended § 1591 after the charged events occurred. *See* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22, §§ 108(a), 118(b), 129 Stat. 227, 238–39, 247 (codified as amended at 18 U.S.C. § 1591). Banker was indicted under the prior version of this offense, and all references to § 1591 in this opinion are to the version applicable to Banker.

7

has not attained the age of 18 years") requires actual "knowledge" and the alternative "or in reckless disregard" language only applies to the force clause that immediately follows it. He asserts that any ambiguity must be resolved in his favor under the rule of lenity and that his convictions for conspiracy and trafficking must be vacated as a result of the incorrect jury instructions.[3]

The Government responds that the jury instructions are proper because a natural reading of § 1591(a) allows the finding of either force or the victim's age to be based on the defendant's knowledge or reckless disregard. It notes the parallel structure of the phrases, which are joined by the disjunctive word "or"—"*that* means of force . . . , *or that* the person has not attained the age of 18 years"—as support for its position. And it points to unpublished opinions in this Circuit, as well as persuasive authority from other circuits, which have implicitly and explicitly held that the element of age can be proven by either "knowledge" or "reckless disregard."

"The starting point for any issue of statutory interpretation . . . is the language of the statute itself." *Ignacio v. United States*, 674 F.3d 252, 254 (4th Cir. 2012). The Court considers the "statute's full text, language as well as punctuation, structure, and subject matter." *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 455 (1993). When a statute is unambiguous, "our inquiry . . . is at an end, for if the language is plain and the statutory scheme is coherent and consistent, we need not inquire further.

---

[3] Banker also challenges his conspiracy conviction on the same grounds. Because the conspiracy relies on a violation of § 1591, the analyses of both statutes for purposes of this appeal are identical. *See* 18 U.S.C. § 1594(c).

Our sole function is to enforce the statute according to its terms." *William v. Gonzales*, 499 F.3d 329, 333 (4th Cir. 2007).

The Government's position is consistent with both the words and punctuation of § 1591(a). The first instance of "knowingly" in the statute applies to the indented subsections (1) and (2). The separate phrase "knowing, *or* in reckless disregard of the fact," however, modifies both clauses that follow it, allowing either mental state to exist for proof of either force or the victim's age. As a matter of linguistic form, the skeleton of the statute provides: "Whoever knowingly, [A] or [B], knowing, or in reckless disregard of the fact, that [X], or that [Y], shall be punished . . . ." *Cf.* § 1591(a). The district court and Government's interpretation is faithful to this text, giving meaning to each word and punctuation mark. *See Branigan v. Bateman* (*In re Bateman*), 515 F.3d 272, 277 (4th Cir. 2008) (affirming an interpretation of a statute that "gives effect to the logical sequence of the language used. . . . All words are given effect. No punctuation needs to be added or deleted."); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 140–43 (2012) (The Grammar Canon: "Words are to be given the meaning that proper grammar and usage would assign them."); *id.* at 161–66 (The Punctuation Canon: "Punctuation is a permissible indicator of meaning.").

Banker's strained reading of § 1591(a), by contrast, does not account for the provision's grammar, syntax, and punctuation because it ignores three basic applications of those principles: (1) the commas surrounding the reckless disregard clause set it off from "knowing"; (2) the word "that" introduces two clauses to which both mens rea provisions apply; and (3) both uses of the word "or" introduce a choice: first, between

9

knowing and reckless disregard, and second, between the force clause and the minor clause. It is thus apparent that the mental states found in § 1591(a)'s second paragraph modify not only the force clause, but also the age of the victim clause at issue here. Accordingly, the district court did not err in instructing the jury as to the requisite mental state required to convict under § 1591(a) and § 1594(c).

## B. Section 2422(b)

In relevant part, § 2422(b) provides:

> Whoever . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b).

Banker contends the district court should have instructed the jury that it must find that he had actual knowledge that C.O. was a minor for purposes of a conviction under § 2422(b). He asserts that the "knowingly" requirement extends to both the verbs that follow and their direct object. As support for this position, he points to the Supreme Court's decision in *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), where the Supreme Court held that the word "knowingly" in the statute criminalizing aggravated identity theft, 18 U.S.C. § 1028A(a)(1), applied to both the following verb and its direct object. Banker argues that this construction of § 2422(b) also makes sense because,

10

without this requirement, § 2422(b) would merely penalize the same conduct as § 2422(a).[4]

The Government responds that in *United States v. Washington*, 743 F.3d 938 (4th Cir. 2014), this Court rejected the same *Flores-Figueroa*-based argument with respect to identical language in 18 U.S.C. § 2423(a). In *Washington*, we recognized that in cases where "a victim's underage status [is] an aggravating factor in order to provide minors with special protection," the Government must prove the victim was a minor, but is not required to prove the defendant's actual knowledge of that fact. 743 F.3d at 943. It urges us to adopt the same reasoning here regarding § 2422(b).

Because Banker's argument centers on *Flores-Figueroa*, we begin there. The aggravated identity theft statute at issue in that case required proof that, in committing certain acts, the offender "knowingly transfer[red], possesse[d], or use[d], without lawful authority, a means of identification of another person." 18 U.S.C. § 1028A(a)(1). The Supreme Court held that this language "require[d] the Government to show that the defendant *knew* that the 'means of identification' he or she unlawfully transferred, possessed, or used, in fact, belonged to 'another person.'" *Flores-Figueroa*, 556 U.S. at 647. In so holding, the Supreme Court stated, "[a]s a matter of ordinary English grammar,

---

[4] Subsection (a) provides:

Whoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce, or in any Territory or Possession of the United States, to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

11

it seems natural to read the statute's word 'knowingly' as applying to all the subsequently listed elements of the crime." *Id.* at 650. At the same time, however, the Supreme Court recognized that "the inquiry into a sentence's meaning is a contextual one," and it allowed that the "special context" of a statute may warrant a different reading. *Id.* at 652.

Whether *Flores-Figueroa* should be taken to mean that § 2422(b) requires proof that the defendant knew the victim was a minor is an issue of first impression in this Circuit. But we previously considered the nearly identical question: how *Flores-Figueroa* affects § 2423(a), which prohibits the knowing transport of a minor for prostitution or other unlawful sexual activity. *See Washington*, 743 F.3d at 941; *see also* 18 U.S.C. § 2423(a) ("A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life."). Prior to *Flores-Figueroa*, we had held that "requiring knowledge of the act of transporting the victim—not knowledge of the victim's age—was a more natural reading of the statute." *Washington*, 743 F.3d at 941; *see also id.* ("[T]he adverb 'knowingly' modifies the verb 'transports' because adverbs generally modify verbs, and the thought that they would typically modify the infinite hereafters of statutory sentences would cause grammarians to recoil."). But the defendant in *Washington* argued that *Flores-Figueroa* undermined our interpretation.

12

We disagreed with the defendant's reading of the statute for three reasons. First, we noted that *Flores-Figueroa* "did not purport to establish a bright-line rule that a specified mens rea always applies to every element of the offense." *Id.* at 942. Our view was first based on the Supreme Court's statement that the context of a statute must inform a sentence's meaning. *Id.* Second, we observed that *Flores-Figueroa* had specifically observed that a "special context" may warrant a different view, and that it had cited approvingly Justice Alito's concurrence for that principle. *Id.* We recognized that one special context Justice Alito had described was § 2423(a), where a victim's age is an element of the offense, yet circuit courts had "uniformly held that knowledge of the victim's age is not required." *Id*. at 943. Third, we acknowledged that the circuit courts to consider *Flores-Figueroa*'s effect on § 2423(a) had "universally concluded that the knowledge requirement does *not* apply to the victim's age." *Id.* We then joined those sister circuits in holding that *Flores-Figueroa* did not require us to revisit our interpretation of § 2423 because of the statute's special context—"Congress enacted the provision to provide minors with special protection against sexual exploitation." *Id.* As such, we concluded that "a victim's underage status [is] an aggravating factor in order to provide minors with special protection" rather than a factor that should make the offense involving minors "more difficult to prove than its more general counterpart in § 2421." *Id.*

Under standard principles of statutory interpretation, as we consider the meaning of § 2422(b), we must take into account our decision in *Washington* and the meaning we gave to the identical language in § 2423(a). These are adjacent statutes, both part of the

13

amended Mann Act, and use the same syntax prohibiting individuals from "knowingly [engaging in proscribed behavior toward] an[] individual who has not attained the age of 18 years."[5] *Compare* § 2422(b), *with* § 2423(a). Thus, absent an indication that we should do otherwise, the Court should interpret these statutes in pari materia, that is, in a consistent manner. *United States v. Mills*, 850 F.3d 693, 698–99 (4th Cir. 2017) (stating that the doctrine of in pari materia means that "adjacent statutory subsections that refer to the same subject matter should be read harmoniously," and outlining the doctrine's scope); *see also Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 222 (2008) ("[T]o the extent possible, [a court's interpretation should] ensure that the statutory scheme is coherent and consistent."); *United States v. Morison*, 844 F.2d 1057, 1064 (4th Cir. 1988) ("When a statute is a part of a larger Act . . . , the starting point for ascertaining legislative intent is to look to other sections of the Act *in pari materia* with the statute under review.").

Given these textual and contextual similarities between the statutes, it is not surprising that the reasoning we set out in *Washington* with respect to § 2423(a) applies equally well to § 2422(b). As noted, *Flores-Figueroa* did not establish the bright-line rule Banker urges for interpreting all similarly worded statutes. Instead, it specifically acknowledged that a "special context" could lead to a different interpretation. The "special context" we concluded was present in *Washington* is the same one at issue here: Congress' desire to protect minors by making the victim's age an element of the offense.

---

[5] That § 2422(b) refers to "any individual" and § 2423(a) refers to "an individual" is of no consequence.

*See United States v. Engle*, 676 F.3d 405, 419 (4th Cir. 2012) ("Section 2422(b) was designed to protect children from the act of solicitation itself . . . ."). And, as in *Washington*, it would be inconsistent with Congress' stated purpose to make it more difficult to prove a § 2422(b) offense against minors than the § 2422(a) corollary with respect to "any individual."[6]

At oral argument, Banker advanced three additional reasons why § 2423(a) and § 2422(b) should have different knowledge requirements.[7] First, he maintained that

---

[6] The two subsections of § 2422 are not identical, though they do target similar conduct. Subsection (a) makes it an offense to "knowingly persuade[], induce[], entice[], or coerce[] any individual to travel in interstate or foreign commerce, or in any Territory or Possession of the United States, to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempt[] to do so." Subsection (b), in contrast, prohibits individuals from "using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States [to] knowingly persuade[], induce[], entice[], or coerce[] any individual who has not attained the age of 18 years, to engage [or attempt to engage] in prostitution" or unlawful sexual activity.

Contrary to Banker's argument, reading § 2422(b) to not require knowledge of the victim's minor status does not render § 2422(b) duplicative of § 2422(a). The statutes may occasionally overlap regardless of whether the age of the victim is a strict liability element or one that requires proof of the defendant's knowledge. This is so because subsection (a) encompasses victims of any age and requires as its jurisdictional hook the victim's travel, while subsection (b) is restricted to minor victims, and has a broader jurisdictional hook as it applies any time the defendant "use[s] the mail or any facility or means of interstate or foreign commerce, or [acts] within the special maritime and territorial jurisdiction of the United States." A defendant's knowledge that his victim is a minor would not make the two statutes cover any more or less different behavior than they otherwise would.

In addition, the two subsections contain different penalty provisions, which is consistent with Congress intending the victim's age to be an aggravating factor. Subsection (a) sets a statutory maximum penalty of imprisonment of twenty years, while subsection (b) sets a statutory *minimum* penalty of ten years' imprisonment and allows up to life imprisonment.

[7] Strikingly, Banker's briefs make no attempt to distinguish § 2423(a) or *Washington*, and instead urge the Court to follow *Flores-Figueroa*, implying that *Washington* was wrongly decided. Nonetheless, we will consider the arguments Banker made at oral argument because (Continued)

transportation inherently involves proximity to and observation of the victim, while the same cannot be said of the communicative acts described in § 2422(b) (persuasion, inducement, enticement, or coercion). Yet, on questioning, he conceded that while § 2423(a) requires "transport," it does not require that a defendant actually see the victim, a fact that fatally undermines this purported distinction.

Second, Banker posited that § 2422(b) must have a different scienter requirement to prevent a conviction based on online communication between an adult who mistakenly believes he is communicating with another adult, but who is in fact communicating with a minor. This hypothetical is simply one variant of the unremarkable observation that if "knowingly" does not modify the age requirement, then a defendant whose conduct satisfies the other elements of the offense will be held strictly liable when the victim is a minor. But there is nothing inherently unlawful about that result where it is constitutional and consistent with congressional intent.[8]

Third, Banker pointed to cases from the Seventh and Ninth Circuits, arguing that they have held that § 2422(b) requires proof of the defendant's knowledge of the victim's age. *See United States v. Coté*, 504 F.3d 682, 684–88 (7th Cir. 2007); *United States v. Meek*, 366 F.3d 705, 717–22 (9th Cir. 2004). As an initial matter, those cases are not binding on us and are not persuasive. They pre-date *Flores-Figueroa* and its discussion of

---

they offer additional reasons why the issue he raised on brief should be resolved in his favor rather than presenting a new issue for us to consider.

[8] Banker only raises a statutory interpretation argument and has not suggested that the statute is unconstitutional facially or as applied to him.

16

when the scienter element properly extends beyond the verbs to the direct object as well. Nor did either case consider § 2422(b)'s interpretation in light of § 2423(a)'s interpretation either as an interpretive tool or because of binding authority—like *Washington* is for us—construing § 2423(a)'s knowledge requirement. Finally, despite the broad language the Seventh and Ninth Circuits used, both cases involved constitutional challenges to § 2422(b)'s *attempt* offense where the defendant had been communicating with an adult posing as a minor. *See Coté*, 504 F.3d at 683–84 (stating that the person Coté "attempt[ed] to persuade or induce or entice" into a sexual act was "a Cook County Sheriff's Deputy"); *Meek*, 366 F.3d at 717 ("[T]he boy Meek attempted to contact was under 18 years old, and . . . , assisted by the anonymity of the Internet, a detective—an adult—stood in the shoes of the boy in their instant messenger conversations."). They did not entail challenges to the completed offense involving an actual minor victim, which is Banker's conviction. The attempt offense puts the defendant's knowledge at issue in a different way than the completed offense, given that attempt requires proof of "culpable intent to commit the [underlying] crime" and "[f]actual impossibility is not a defense." *Engle*, 676 F.3d at 419–20. Given all of the above, these cases do not cause us to reconsider the *Washington*-derived analysis that leads us to reject Banker's contentions.

Lastly, we note that our reasoning and holding are consistent with the only other circuit court to consider the issue of whether, under *Flores-Figueroa*, the government is required to prove a defendant knew the victim was a minor to establish a violation of § 2422(b). *See United States v. Daniels*, 685 F.3d 1237, 1246–50 (11th Cir. 2012) (per

17

curiam); *id.* at 1250 ("Our ruling today . . . honor[s] the congressional goal inherent in the [Act], and [we] reach a holding that aims to protect minors—not make conviction more difficult for crimes that affect them. A defendant . . . who lures and encourages young children into these activities does so at his own peril, regardless of what the victim says or how she appears. He runs the risk that he is dealing with someone who falls within the purview of § 2422(b), thus subjecting him to its enhanced penalties.").

### C. Sufficiency of the Evidence

Banker's final challenge is to the sufficiency of the evidence with respect to the elements that he knew or recklessly disregarded that C.O. was under the age of eighteen years.[9] He contends that C.O. repeatedly lied about her age and never told Banker she was a minor. And he maintains that the jury drew an unreasonable inference that Banker in fact heard Cook tell him that C.O. was a minor during their conversation in his truck a few days before the charged events.

After noting the high hurdle Banker faces in seeking to disrupt a jury verdict, the Government urges the Court to affirm Banker's convictions. It notes that both Cook and C.O. testified about the conversation between Cook and Banker in his truck, and this evidence alone is sufficient to affirm the jury's finding that Banker knew that C.O. was a minor. It also points to numerous other pieces of evidence that would support a finding that he recklessly disregarded her age, including the numerous occasions on which he

---

[9] In view of our holding that § 2422(b) conviction does not require evidence that Banker knew C.O. was a minor, this issue is only relevant with respect to Banker's conspiracy and sex trafficking convictions.

observed C.O. in person, his access to her Facebook profile and messages, and his knowledge that she attended high school and lived with her stepfather.

"A defendant challenging the sufficiency of the evidence faces a heavy burden." *United States v. Foster*, 507 F.3d 233, 245 (4th Cir. 2007). "[T]he jury's verdict *must be upheld* on appeal if there is substantial evidence in the record to support it"; that is, there must be "evidence that a reasonable finder of fact could accept as adequate and sufficient to support" the defendant's guilt. *United States v. Young*, 609 F.3d 348, 355 (4th Cir. 2010). The Court's review "is thus limited to determining whether, viewing the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the government, . . . the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt." *Id.*

The evidence adduced at trial readily satisfies this standard. At trial, both C.O. and Cook testified that Cook told Banker that C.O. was seventeen years old shortly before the charged offenses occurred. Banker's only argument for disregarding this testimony is that C.O. did not immediately overhear his response or observe a change in Banker's expression that would indicate that he had heard Cook. Banker's overt response is not the issue, however, as the jury is allowed to credit C.O. and Cook's testimony and reach the imminently reasonable inference that Banker heard—and thus knew—what Cook told him: that C.O. was a minor. We need not proceed any further in order to conclude that the evidence was sufficient for the jury to find guilt beyond a reasonable doubt. *See United States v. Baker*, 985 F.2d 1248, 1255 (4th Cir. 1993) ("The law is well settled in this

circuit that the uncorroborated testimony of an accomplice may be sufficient to sustain a conviction."); *see also United States v. Zayyad*, 741 F.3d 452, 462–63 (4th Cir. 2014).[10]

## III.

For these reasons, the judgment of the district court is

*AFFIRMED*.

---

[10] The record also contained evidence from which the jury could have found that Banker recklessly disregarded that C.O. was a minor, which—as we have held above—would also have been sufficient to convict Banker of violating § 1591(a). *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 & n.18 (2007) (stating that criminal reckless disregard of a fact exists where the evidence demonstrates "an unjustifiably high risk" of a fact). That evidence consisted of evidence that Banker had multiple opportunities to observe and spend time with C.O. in the weeks leading up to the charged events; he knew she lived with her stepfather, attended the local high school, and did not have a source of income; they'd engaged in sexual activities together; and he knew that she described herself as a "runaway" when she elected not to return home to her stepfather. *See, e.g.*, *United States v. Robinson*, 702 F.3d 22, 35–36 (2d Cir. 2012) ("A reasonable jury could conclude that [the defendant's] ability to personally observe his underage victim, especially given their intimate relationship, put him on notice of an unjustifiably high risk that she was underage.").