**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-4279**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

VINCENT CRAIG MOSLEY, a/k/a Vincent G. Mosley,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:16-cr-00016-MR-DLH-7)

Submitted: February 27, 2018                  Decided: March 2, 2018

Before GREGORY, Chief Judge, and NIEMEYER and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles R. Brewer, Asheville, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Vincent Craig Mosley of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012), and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Mosley to time served and three years of supervised release. On appeal, Mosley challenges only his conspiracy conviction. We affirm.

First, Mosley argues that the district court erred in admitting certain testimony pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence. Evidentiary rulings are reviewed for abuse of discretion, and we "will only overturn an evidentiary ruling that is arbitrary and irrational." *United States v. Cole*, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks omitted). Under Fed. R. Evid. 801(d)(2)(E), "[a] statement is not hearsay if it is a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy and is offered against the party." *United States v. Graham*, 711 F.3d 445, 453 (4th Cir. 2013) (internal quotation marks omitted). "In order to admit a statement under 801(d)(2)(E), the moving party must show that (i) a conspiracy did, in fact, exist, (ii) the declarant and the defendant were members of the conspiracy, and (iii) the statement was made in the course of, and in furtherance, of the conspiracy." *United States v. Pratt*, 239 F.3d 640, 643 (4th Cir. 2001). The conspiracy cannot be established initially by the out-of-court statement at issue; rather, "[t]here must be proof from another source of the existence of the conspiracy and of [defendant]'s connection with it before [the out-of-court statement] can become admissible against [defendant]." *United States*

2

*v. Stroupe*, 538 F.2d 1063, 1065 (4th Cir. 1976). Thus, the Government must introduce "substantial, independent evidence of the conspiracy." *Id.*

"The incorrect admission of a statement under the coconspirator statement exclusion . . . is subject to harmless error review." *Graham*, 711 F.3d at 453. An evidentiary ruling is harmless if we may say "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *United States v. McLean*, 715 F.3d 129, 143 (4th Cir. 2013) (internal quotation marks omitted).

Here, our review of the record confirms that the district court properly admitted the testimony challenged on appeal by Mosley.* Prior to the admission of such testimony, the government introduced sufficient evidence of the conspiracy to satisfy its burden under *Pratt*. Moreover, we conclude that any error in admitting the challenged statement was harmless in light of the evidence against Mosley.

Next, Mosley argues that the district court erred in excluding from evidence certain sealed materials. Rule 401 of the Federal Rules of Evidence provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining

---

* Pursuant to Fed. R. App. P. 28(e), we have confined our review to the only specific statement challenged in Mosley's brief, which was testimony that, when the buyer complained to the defendant's son that he had received less cocaine than they had bargained for, the defendant's son responded that "he had had somebody to weigh it but it may be wrong, and . . . he would give it back to us." (J.A. 448; *see* Appellant's Br. (ECF No. 34) at 13-15).

the action."  Fed. R. Evid. 401.  Rule 403 provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury."  Fed. R. Evid. 403.  In determining whether an evidentiary ruling is arbitrary and irrational, we "look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect."  *Cole*, 631 F.3d at 153 (internal quotation marks omitted).  Finally, as we noted above, evidentiary rulings are subject to harmless error review under Fed. R. Crim. P. 52.  *McLean*, 715 F.3d at 143.

Having reviewed the record, we conclude that the district court did not abuse its discretion in this instance.  Moreover, in light of defense counsel's closing argument to the jury that the government had the statutory power to require Mosley's codefendants to testify and yet failed to produce any of them as witnesses at trial, we find that, even if the district court committed error in excluding the sealed material, such error was harmless.

Finally, Mosley challenges the district court's denial of his Fed. R. Crim. P. 29 motions for acquittal as to the conspiracy charge.  Relying on *Sears v. United States*, 343 F.2d 139, 142 (5th Cir. 1965), Mosley argues that his conviction cannot stand because a defendant cannot be convicted of conspiring with a government agent.

We review de novo the sufficiency of the evidence supporting a conviction.  *United States v. Pinson*, 860 F.3d 152, 160 (4th Cir. 2017).  In reviewing the sufficiency of the evidence, "[t]he jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it; that is, there must be evidence that a reasonable finder of fact could accept as adequate and sufficient to support the defendant's guilt."

4

*United States v. Banker*, 876 F.3d 530, 540 (4th Cir. 2017) (internal quotation marks omitted). Our review "is thus limited to determining whether, viewing the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the government, the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt." *Id.* (alteration and internal quotation marks omitted). A defendant challenging evidentiary sufficiency carries a "heavy burden." *Pinson*, 860 F.3d at 160 (internal quotation marks omitted). We may not "reweigh the evidence or the credibility of witnesses," *United States v. Roe*, 606 F.3d 180, 186 (4th Cir. 2010), and must examine the evidence in a "cumulative context" rather than "in a piecemeal fashion," *United States v. Burgos*, 94 F.3d 849, 863 (4th Cir. 1996) (en banc). Consequently, "reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *United States v. Said*, 798 F.3d 182, 194 (4th Cir. 2015) (alterations and internal quotation marks omitted).

To establish that Mosley conspired to distribute cocaine, "the government must prove: (1) an agreement to possess [cocaine] with intent to distribute between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of the conspiracy." *United States v. Allen*, 716 F.3d 98, 103 (4th Cir. 2013). "A conspiracy may be proved wholly by circumstantial evidence[,] [a]nd, one may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence." *Id.* (citation and internal quotation marks omitted). "Therefore, once a conspiracy has been proved, the evidence need only establish a slight connection

5

between any given defendant and the conspiracy to support conviction." *Id.* (alteration and internal quotation marks omitted).

We have reviewed the record and conclude that the evidence is sufficient to show that Mosley participated in a conspiracy to possess with the intent to distribute cocaine. We find that Mosley's reliance on the Fifth Circuit's decision in *Sears* is misplaced, as the evidence here allowed the jury to reasonably infer that Mosley entered into an agreement to distribute cocaine with his son, Craig Mosley, a coconspirator who was not acting as a government agent.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*