**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4766**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADANTE LESHAUN DUPREE, a/k/a Snoop,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:18-cr-00172-AWA-DEM-2)

Submitted:  September 28, 2020                         Decided:  October 2, 2020

Before KING and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Gregory K. Matthews, GREGORY K. MATTHEWS, PC, Portsmouth, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Andrew Bosse, Daniel T. Young, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adante Leshaun Dupree was convicted by a federal jury of credit union fraud, in violation of 18 U.S.C. §§ 2, 1344, and aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1028A. The district court sentenced Dupree to 57 months' imprisonment, and he now appeals. On appeal, Dupree contends that (1) the district court abused its discretion by denying his motion to strike the entire jury panel in light of one prospective juror's statements, and (2) his convictions were not supported by sufficient evidence. For the following reasons, we affirm.

We review a district court's refusal to strike a jury panel for a manifest abuse of discretion. *See Mu'Min v. Virginia*, 500 U.S. 415, 428 (1991) ("A trial court's findings of juror impartiality may be overturned only for manifest error." (internal quotation marks omitted)). Here, the record demonstrates that, after striking the prospective juror, the district court both confirmed that the jurors did not feel influenced by the prospective juror's statements and repeatedly instructed the jury that it was required to decide the case based on the evidence presented at trial and not based on any bias, prejudice, or sympathy for or against any of the parties. Accordingly, we conclude that the district court did not commit a manifest abuse of discretion in denying Dupree's motion to strike the entire jury panel.

Moving to Dupree's challenge to the sufficiency of the evidence, we review a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo. *United States v. Smith*, 451 F.3d 209, 216 (4th Cir. 2006). "A defendant challenging the sufficiency of the evidence faces a heavy burden." *United States v. Banker*,

2

876 F.3d 530, 540 (4th Cir. 2017) (internal quotation marks omitted). In assessing whether the evidence is sufficient to support a conviction, we determine "whether there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." *United States v. Palacios*, 677 F.3d 234, 248 (4th Cir. 2012) (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support the defendant's guilt . . . beyond a reasonable doubt." *Banker*, 876 F.3d at 540 (internal quotation marks omitted). Furthermore, "[d]eterminations of credibility are within the sole province of the jury and are not susceptible to judicial review." *Palacios*, 677 F.3d at 248 (internal quotation marks omitted). Based on our review of the record, we conclude that the district court did not err in denying Dupree's motion.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*