**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4929**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ROBERT MASON UNDERWOOD, SR.,

                    Defendant - Appellant.

**No. 19-4930**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DEBORAH JEAN UNDERWOOD,

                    Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge. (8:18-cr-00201-TDC-1; 8:18-cr-00201-TDC-2)

Submitted: March 1, 2021                    Decided: March 19, 2021

Before DIAZ and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Cullen Macbeth, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland; Michael Montemarano, MICHAEL D. MONTEMARANO, PA, Ellicott City, Maryland, for Appellants. Robert K. Hur, United States Attorney, Daniel A. Loveland, Jr., Assistant United States Attorney, David I. Salem, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Mason Underwood, Sr., and his wife Deborah Jean Underwood were named in a five-count indictment charging them with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and four counts of filing false tax returns, in violation of 26 U.S.C. § 7206(a). Specifically, the indictments charged the Underwoods with knowingly failing to report on their federal income tax returns between 2009 and 2013 substantial income earned from their business, B. Underwood's Used Auto Parts. A jury convicted the Underwoods of all counts and the district court sentenced each to a below-Guidelines term of six months' imprisonment and ordered them to pay restitution in the amount of $560,000. The Underwoods appeal, asserting three errors.

First, the Underwoods argue that the evidence was insufficient to support their convictions on the conspiracy conviction and, therefore, the district court erred in denying their motions for judgment of acquittal under Fed. R. Crim. P. 29. We review a district court's decision to deny a Rule 29 motion for a judgment of acquittal de novo. *United States v. Smith*, 451 F.3d 209, 216 (4th Cir. 2006). "A defendant challenging the sufficiency of the evidence faces a heavy burden." *United States v. Banker*, 876 F.3d 530, 540 (4th Cir. 2017) (internal quotation marks omitted). In assessing whether the evidence is sufficient to support a conviction, this court determines "whether there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." *United States v. Palacios*, 677 F.3d 234, 248 (4th Cir. 2012) (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support the defendant's guilt . . .

3

beyond a reasonable doubt." *Banker*, 876 F.3d at 540 (internal quotation marks omitted).

Furthermore, "[d]eterminations of credibility are within the sole province of the jury and are not susceptible to judicial review." *Palacios*, 677 F.3d at 248 (internal quotation marks omitted).

Count One charged what is known as a "*Klein* conspiracy." *See United States v. Klein*, 247 F.2d 908, 915 (2d Cir. 1957). The elements of a *Klein* conspiracy are not in dispute. They consist of: (1) an agreement between two or more persons, (2) with the intent to impede or obstruct the IRS in the collection of revenue and performance of its duties, and (3) the performance of an overt act to further that agreement. *United States v. Vogt*, 910 F.2d 1184, 1202-03 (4th Cir. 1990).

Our review of the record discloses that the Government presented sufficient evidence from which a jury could find beyond a reasonable doubt that the Underwoods conspired to reduce their federal income tax liability by deliberately understating the gross cash receipts from their business. The existence of an agreement and intent may be inferred from the actions and statements of the conspirators or from the circumstances of the scheme. *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996). The jury could infer such an agreement between the Underwoods. The Underwoods' reliance on *United States v. Adkinson*, 158 F.3d 1147 (11th Cir. 1998), is misplaced. That case involved numerous unrelated defendants and the court noted that "there was no direct evidence of an agreement by all for each to evade his income taxes." *Id.* at 1154. Here, the Underwoods are a married couple and filed a joint tax return; therefore, an agreement to evade taxes by failing to report substantial amounts of income was a permissible inference for the jury to reach.

4

Second, nothing in *Adkinson* suggests that the government cannot prove a conspiracy through circumstantial evidence. Therefore, the district court did not err in denying the Underwoods' Rule 29 motion.

Next, Robert Underwood argues that the district court abused its discretion by granting the Government's request for a willful blindness instruction with respect to counts Two through Five (filing false tax returns). We review a trial court's jury instruction for abuse of discretion. *BMG Rights Mgmt. (US) LLC, v. Cox Commc'ns., Inc.*, 881 F.3d 293, 305 (4th Cir. 2018). Where a party alleges that a jury instruction incorrectly states the law, review is de novo. *Id.* When an instruction is erroneous, a jury verdict will be set aside if there is a reasonable probability the error affected the jury's verdict. *Id.*

Here, Underwood does not claim that the instruction at issue misstated the law. Rather, he argues that the evidence did not support the issuance of a willful blindness instruction. The willful blindness doctrine "is premised on the idea that defendants should not be permitted to escape the reach of criminal statutes that require proof that a defendant acted knowingly or willfully by deliberately shielding themselves from clear evidence of critical facts that are strongly suggested by the circumstances." *United States v. Oloyede* 933 F.3d 302, 316 (4th Cir. 2019) (internal citations and quotations omitted). In order to ensure that the willful blindness doctrine retains "an appropriately limited scope that surpasses recklessness and negligence, its application has two basic requirements: (1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Id.* (internal citations and quotations omitted). Thus, a willful blindness instruction may be appropriate

"when the defendant claims lack of guilty knowledge in the face of evidence supporting an inference of deliberate ignorance." *Id.* (internal citation and quotation omitted).

Underwood testified that he threw away cash receipts for vehicles sold for scrap and did not know how much cash his business made. Even after an audit and after his accountant advised him of the IRS's requirements that he maintain a cash log, Underwood failed to do so. Underwood's testimony that he did not look at his tax returns before signing them is further evidence that he deliberately avoided learning what income was being reported on his tax returns. Accordingly, we find that the district court did not abuse its discretion in giving the willful blindness instruction.

Finally, the Underwoods challenge the $560,000 restitution order. The Mandatory Victims Restitution Act of 1996 (MVRA), Pub. L. No. 104-132, §§ 201-11, 110 Stat. 1214, 1227-41 (codified in relevant parts at 18 U.S.C. §§ 3663A, 3664) obligates a district court to order restitution in the full amount of the victim's loss caused by certain offenses, including offenses where an identifiable victim has suffered pecuniary loss. 18 U.S.C. §§ 3663A(c)(1)(B), 3664(f)(1)(A). The Government bears the burden of demonstrating the "amount of the loss sustained by a victim as a result of the offense." 18 U.S.C. § 3664(e). We review a restitution order for abuse of discretion. *United States v. Ritchie*, 858 F.3d 201, 206 (4th Cir. 2017).

In the absence of an "affirmative showing that the information is inaccurate, [a district] court is free to adopt the specific findings of the [PSR] without more specific inquiry or explanation." *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998) (internal quotation marks omitted). Here, the PSR calculated the tax loss as follows: gross receipts

6

that were not reported (estimated) of $2.5 million multiplied by the tax rate of 28% equaled $700,000. *See* U.S. Sentencing Guidelines Manual § 2T1.1(c)(1)(A) (providing that, for offenses involving tax evasion or false or fraudulent returns, "tax loss [is] treated as equal to 28% of the unreported gross income"). At sentencing, the parties disputed the amount that should be deducted from gross receipts for cost of goods sold. The district court, rejecting the Underwoods' accountant's calculation arrived at by extrapolating from known data, ultimately reduced the PSR calculation by $500,000, which did not affect the Underwoods' base offense level but changed the amount of tax loss to $560,000 (28% of $2 million). We find that the district court made a reasonable estimate of the loss, given the information available. *See United States v. Savage*, 885 F.3d 212, 227 (4th Cir. 2018) (noting that a sentencing court "need only make a reasonable estimate of loss, given the available information, as supported by a preponderance of the evidence) (internal citation and quotations omitted). Therefore, we find no abuse of discretion.

Accordingly, we affirm the Underwoods' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*