**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4027**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DANNIE SIMON PARKER, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:18-cr-00023-D-1)

Submitted:  September 23, 2021　　　　　　　Decided:  October 6, 2021

Before WILKINSON, KING, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Douglas E. Kingsbery, THARRINGTON SMITH LLP, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Evan M. Rikhye, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Donnie Parker Simon, Jr., for robbing a bank, by force or violence, or by intimidation, in violation of 18 U.S.C. § 2113(a). After the Government presented its case at trial, Parker moved for a judgment of acquittal pursuant to Fed. R. Crim. P. 29. The district court denied Parker's motion and instructed the jury regarding the intimidation element of § 2113(a), stating that the Government had to prove that Parker did or said something knowingly or intentionally that would make an ordinary, reasonable person fear bodily harm. The jury found Parker guilty and the court imposed a 240-month sentence. Parker timely appealed.

On appeal, Parker contends that there was insufficient evidence to demonstrate that he knew his actions were objectively intimidating. Parker further contends that the district court plainly erred by not instructing the jury that he needed to know that his actions were objectively intimidating. We now affirm.

Section § 2113(a) prohibits the taking, "by force and violence, or by intimidation, . . . from the person or presence of another . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank." 18 U.S.C. § 2113(a). To sustain a conviction for bank robbery by intimidation under § 2113(a), the government must prove both that "an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts," *United States v. Woodrup*, 86 F.3d 359, 363 (4th Cir. 1996), and "that [the defendant] knew that his actions were objectively intimidating," *United States v. McNeal*, 818 F.3d 141, 156 (4th Cir. 2016).

2

We review de novo a district court's denial of a motion for acquittal based on the sufficiency of the evidence. *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017). "A defendant challenging the sufficiency of the evidence faces a heavy burden." *United States v. Banker*, 876 F.3d 530, 540 (4th Cir. 2017) (internal quotation marks omitted). On such a challenge, the defendant's conviction "must be upheld if there is substantial evidence to support it." *United States v. Benson*, 957 F.3d 218, 237-38 (4th Cir.); *cert. denied*, 141 S. Ct. 935 (2020). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* at 238 (internal quotation marks omitted). "In evaluating the evidence, this [c]ourt must view the evidence in the light most favorable to the [g]overnment, drawing all reasonable inferences in its favor and assuming the jury resolved all contradictions in testimony in favor of the [g]overnment." *Id.* (brackets and internal quotation marks omitted). "Insufficient evidence may be found only if no rational trier of fact could have agreed with the jury." *Id.* (internal quotation marks omitted).

We have thoroughly reviewed the record and conclude that there is ample evidence that Parker knew his actions were objectively intimidating. Prior to entering the bank, Parker walked around the exterior of the bank's building in view of the employees, got close to the bank teller when he handed the teller his demand note, and repeatedly admonished the teller to stay calm. And even after the teller had emptied her entire drawer, Parker demanded more money. Taking into consideration all of Parker's actions during the robbery, a rational trier of fact could conclude that Parker knew his actions were objectively intimidating.

Parker next contends that the district court erred by not instructing the jury that Parker needed to know that his actions were objectively intimidating. Because Parker did not raise this challenge before the district court, we review it for plain error. *United States v. Hare*, 820 F.3d 93, 104 (4th Cir. 2016). Under this standard, the defendant bears the burden to demonstrate that (1) an error occurred, (2) the error was plain, and (3) the error affected his substantial rights. *Henderson v. United States*, 568 U.S. 266, 272 (2013). Even if this standard is satisfied, we will exercise our discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cowden*, 882 F.3d 464, 475 (4th Cir. 2018) (alterations and internal quotation marks omitted). "When reviewing for plain error, this Circuit incorporates the harmless error test in the third prong of its plain-error analysis, but shifts the burden to the defendant to prove that the error was not harmless." *United States v. Stitt*, 250 F.3d 878, 883 (4th Cir. 2001). "[A] showing of uncertainty as to whether the verdict returned by the jury rested solely on a mis-instruction does not meet the defendant's burden of establishing actual prejudice under the third . . . prong." *United States v. Ali*, 991 F.3d 561, 575 (4th Cir. 2021) (internal quotation marks omitted). Instead, Parker must show "that the erroneous instruction given resulted in his conviction." *Id.*

Even if Parker demonstrated error in the jury instructions that was plain, he has failed to satisfy the third prong of plain error review. As outlined above, ample evidence supported Parker's conviction. Parker's actions during the robbery appeared to be calculated to intimidate the teller without causing her to panic. At best, Parker's assertion that some evidence supported his defense could create uncertainty over whether the verdict

4

rested on the instructions, but does not show that any erroneous jury instruction resulted in his conviction.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*